UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD H. DUNN,

       Plaintiff,                    CIVIL ACTION NO. 07-10528

       v.                              DISTRICT JUDGE BERNARD A. FRIEDMAN

INTERNAL REVENUE SERVICE, and    MAGISTRATE JUDGE VIRGINIA MORGAN
MARK EVERSON, COMMISSIONER,

       Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT GOVERNMENT'S MOTIONS TO DISMISS

This is a civil action filed by plaintiff *pro se*. In his 28 page complaint, plus exhibits, plaintiff claims that he is not subject to Internal Revenue laws and seeks to enjoin collection efforts by the Internal Revenue Service. The arguments which he raises have been uniformly determined to be frivolous by the courts. The government filed motions to dismiss plaintiff's complaint (#8) and plaintiff's revised complaint (#23) alleging that plaintiff has no factual or legal support for his claims and there is no valid waiver of sovereign immunity. Oral argument was held before the magistrate judge on May 16, 2007. For the reasons stated in this Report, it is recommended that both motions be granted and the case be dismissed with prejudice. Plaintiff is also advised that in the event he files objections to the Report and Recommendation which are

deemed to be frivolous, not well grounded in fact, or not well grounded in law, monetary and other sanctions may be imposed.

*Procedural Grounds for Dismissal*

Plaintiff sued the United States, improperly naming as defendants the Internal Revenue Service and Mark Everson, Commissioner. He alleges that the IRS is a private corporation, not an agency of the United States, because it is not created by "positive law." This argument is without merit and has been rejected by the courts. See, e.g., <u>Salman v. Department of Treasury-Internal Revenue Service</u>, 899 F. Supp. 471 (D. Nev. 1995); <u>Young v. Internal Revenue Service</u>, 596 F. Supp. 141, 147 (D. Ind. 1984). There is a host of constitutional and statutory authority in support of the IRS being an agency of the United States. Thus, plaintiff's claims against the IRS are essentially claims against the United States and the proper defendant is the United States. See, <u>Purk v. United States</u>, 747 F. Supp. 1243, 1247 (S.D. Ohio, 1989); <u>Deleeuw v. I.R.S.</u>, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987).

The government notes that service on the United States must be accomplished in compliance with Federal Rules of Civil Procedure (F.R.C.P.) Rule 4(i)(1) in order to be effective. Plaintiff has not complied with that rule and the government seeks dismissal for improper service. Because the Department of Justice has entered an appearance to defend the case, it is recommended that the case not be dismissed on the procedural ground of improper service.

The government also seeks to dismiss the complaint on the grounds that it has not waived its sovereign immunity and plaintiff has failed in his complaint to so establish the same. It is

plaintiff's burden to show that the United States has consented to suit, see Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir. 1993). Plaintiff has not done so and therefore the complaint could be dismissed on this ground. See, United States v. Dalm, 494 U.S. 596, 608 (1990).

Plaintiff asks the court to determine whether he is a taxpayer subject to the Internal Revenue laws. This would require a declaratory judgment. However, jurisdiction to determine actions seeking declaratory relief with respect to federal taxes has not been given to federal district courts. See, 28 U.S.C. §2201(a); Flora v. United States, 362 U.S. 145, 164 (1960).

In addition, the Anti-Injunction Act provides that no suit may be brought or maintained in any court (both federal and state) for the purpose of restraining the assessment or collection of any tax. 26 U.S.C. § 7421(a). See also, Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).

Plaintiff denies in his complaint at one point that there are any damages being sought from the IRS or from agents, but later appears to allege that the IRS agents ignored collection processes and violated his due process rights. He states the administrative remedies have been exhausted, without identifying the statute or other authority for those remedies. The Federal Torts Claims Act (FTCA) provides the exclusive remedy for common law torts committed by federal employees within the scope of their employment, 28 U.S.C. § 2679(b); United States v. Smith, 499 U.S. 160 (1991). Even if he had exhausted, the FTCA specifically exempts matters arising from tax claims and tax collection matters. F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994). Plaintiff references Exhibit 1 to his complaint as evidence of exhaustion, but this fails to meet the FTCA criteria. Because it is deficient, it does not amount to exhaustion. It does not

provide sufficient information for the IRS to investigate the claim and does not specify a sum certain. See Blakely v. United States, 276 F.3d 853, 864 (6th Cir 2002). There is a provision for a civil action for damages arising out of tax matters in 26 U.S.C. § 7433 where a plaintiff has exhausted remedies available within the Internal Revenue Service. Plaintiff has not done so as his filing of Exhibit 1 is deficient under that criteria as well. Even if plaintiff were to be seeking relief against an individual employee under 26 U.S.C. § 7433, he has failed to exhaust his administrative remedies and, thus, the court is without jurisdiction.

*The Complaint Fails to State a Claim Upon Which Relief Can be granted*

The government argues that the complaint fails to state a claim on which relief may be granted and should be dismissed under FRCP Rule 12(b)(6). A Rule 12(b) motion to dismiss should be granted when it is clear that no relief could be granted under any set of circumstances consistent with the allegations. See, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Sistrunk v. City of Stongsville, 99 F.3d 194, 197 (6th Cir. 1996). A motion to dismiss under Rule 12(b)(6) tests whether, as a matter of law, the plaintiff is entitled to legal relief even if the facts alleged in the complaint are true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). The court must construe the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's factual allegations as true. Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998). However, the court "need not...accept as true legal conclusions or unwarranted factual inferences." Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006). In deciding a motion brought under Rule 12(b)(6), the court will primarily consider the allegations of the complaint. Kostrzewa v. City of Troy, 247 F.3d 633, 643 (6th Cir. 2001). However, exhibits attached to the

complaint are deemed part of the complaint and thus may be considered in ruling upon the motion. Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001). Dismissal under Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Bloch, 156 F.3d at 677. Although plaintiff's complaint is rambling and there are minimal facts upon which he bases his conclusions, it is clear that his allegations are no more than a recitation of arguments previously rejected as frivolous by other courts.

Plaintiff's position that he is not a taxpayer within the meaning of the Internal Revenue Code is belied by the plain language of the Code. 26 U.S.C. § 1. Individuals, including plaintiff, have a duty to pay taxes. See, Schiff v. United States, 919 F.2d 830, 832 (2nd Cir. 1990); Lonsdale, 919 F.2d at 1447. Plaintiff is wrong when he argues that filing a tax return is voluntary. See, IRC §§ 6011, 6012(a) *et. seq*., United States v. Gerads, 999 F.2d 1255 (8th Cir. 1993). Compliance with Internal Revenue laws and regulations is not voluntary. See e.g., United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993). The argument that the income tax is voluntary and therefore not subject to legal enforcement has been held to be lacking in legal merit and patently frivolous. Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990).

That case and others have similarly rejected plaintiff's argument that the Sixteenth Amendment does not authorize a direct non-apportioned income tax on resident United States citizens and that citizens are not subject to federal income tax laws. Plaintiff's list of allegations are all rejected tax protestor arguments deemed frivolous positions not only by the courts, but also the Internal Revenue Service itself. Changes in statutory penalty provisions now subject

taxpayers espousing such positions to an increased penalty of $5000 for filing returns based on such frivolous positions. See, Scott E. Vincent: <u>IRS Publishes List of Frivolous Positions</u>, 63 J. Mo. B. 92 (2007).

The argument that the income tax is an excise tax is also baseless. <u>Sawukaytis v. Commissioner</u>, 102 Fed. Appx. 29, 33 (6th Cir. 2004). The IRS has authority to assess income taxes, determine deficiencies, and assess tax penalties. The issue of lack of or requirement of implementing regulations is also frivolous. <u>United States v. Hicks</u>, 947 F.2d 1356 (9th Cir. 1991).

In sum, plaintiff has raised no issue that has not already been carefully considered and rejected by several other courts. His persistence in pursuing this baseless litigation is unwarranted and an unfair burden to those individuals who do pay their taxes and comply with the law and fund the defense of this action. The Department of Justice has expended unnecessary attorney time for briefs and travel. Sanctions would well be warranted merely for filing the action. However, the court is not inclined to recommend the same at this time. However, plaintiff is placed on notice that while he has the right to file objections to this Report, sanctions for unwarranted or frivolous objections may well be imposed by the district court. Sanctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit. See, <u>Johnson v. Commissioner of Internal Revenue Service</u>, 68 Fed. Appx. 838 (9th Cir. 2003) (imposing sanction of $2000 for frivolous appeal).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

> s/Virginia M. Morgan
> VIRGINIA M. MORGAN
> UNITED STATES MAGISTRATE JUDGE

Dated: May 25, 2007
_____

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U.S. Mail on May 25, 2007.

> s/Jane Johnson
> Case Manager to
> Magistrate Judge Virginia M. Morgan